UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTANCE PRIESTER,<br><br>Plaintiff,<br><br>-against-<br><br>THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES<br><br>Defendants. | 2:19-cv-03581<br><br>COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff CONSTANCE PRIESTER, by her attorneys, SULLIVAN & BRILL, LLP, complaining of the Defendants, alleges:

### NATURE OF THE ACTION

1. This is a civil rights action in which Plaintiff CONSTANCE PRIESTER seeks to recover money damages for Defendants' violation under color of state law of his rights, privileges, and immunities secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and the Constitution and laws of the State of New York, which occurred on or about March 21, 2018.

2. Plaintiff seeks compensatory damages, punitive damages, an award of attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

5. This Court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because this is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action and on each and every one of their claims.

## PARTIES

8. Plaintiff, CONSTANCE PRIESTER (hereinafter "Plaintiff") is a citizen of the United States and resides in Nassau County, New York.

9. Defendant, THE COUNTY OF NASSAU, is a municipal entity organized under the laws of the State of New York. It operates THE NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NCPD"), a department or agency of THE COUNTY OF NASSAU responsible for the negligent, tortious, and intentional conduct; appointment; training; supervision; promotion; and discipline

of police officers and supervisory police officers, including the individually named Defendants herein.

10. At all times mentioned hereinafter, THE COUNTY OF NASSAU operated, maintained, and controlled NCPD and its agents, servants, and employees.

11. At all times relevant herein, Defendants JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES were acting as agents, servants, and/or employees of THE COUNTY OF NASSAU and/or NCPD, acting within the scope of their employment and under the direction of THE COUNTY OF NASSAU and NCPD. Consequently, THE COUNTY OF NASSAU is liable under the doctrine of *respondeat superior* for the officers' tortious, negligent, and/or intentional actions.

## COMPLIANCE WITH GENERAL MUNICIPAL LAW

12. On or about June 18, 2018, Plaintiff served a Notice of Claim in writing upon THE COUNTY OF NASSAU.

13. THE COUNTY OF NASSAU acknowledged receipt of the Notice of Claim by stamp and signature dated June 18, 2018, 11:06 AM.

14. Plaintiff complied with the request of the municipal Defendants for an oral examination pursuant to Section 50-h of the General Municipal Law by testifying at a 50-h hearing on October 17, 2018.

15. At least thirty (30) days have elapsed since the service of the Notice of Claim prior to the commencement of this action and adjustment of payment thereof

has been neglected or refused, and this action has been commenced within one (1) year and ninety (90) days after the happening of the event upon which the claims are based.

## STATEMENT OF FACTS

16. On or about March 21, 2018, (hereinafter "date of incident"), at approximately 1:00 PM at the CVS, located at 1829 Grand Ave, Baldwin, New York, Nassau County, Plaintiff was filling a prescription for her diabetes medication. While picking up the prescription, Plaintiff got into a verbal altercation with another CVS customer who used racial invectives against Plaintiff. Ms. Priester is African American; the other customer was a white male.

17. Upon attempting to leave the CVS, Nassau County Police Officers approached and physically seized Plaintiff, a 68 year-old retired social worker, without asking her any questions or conducting any investigation.

18. While holding Plaintiff against her will, officers then searched Plaintiff's person and her handbag. They removed her car keys from her handbag, and then proceeded to use the keys to enter, search and ransack Plaintiff's car, which was parked across the parking lot.

19. Plaintiff was then placed in handcuffs and forced to stand in front of the CVS in full view of passersby and other customers.

20. The officers told Ms. Priester that she was alleged to have a gun. No gun was ever recovered.

21. After approximately 40 minutes in handcuffs, Plaintiff was taken, against her will, by ambulance to Nassau University Medical Center. She was told by police that she needed psychiatric clearance before she could be released.

22. After being interviewed at the hospital by two psychiatrists, Plaintiff was released without being medicated or without any treatment.

23. As a direct and proximate result of the actions and conduct of the Defendants, Plaintiff suffered deprivation of his federal and state constitutional rights and state law rights; physical and psychological injuries; pain and suffering; and emotional distress; and medical and legal expenses.

## COUNT I: FALSE IMPRISONMENT

### AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE IMPRISONMENT JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "23" with the same force and effect as if more fully and at length set forth herein.

25. That beginning on or about the date of incident at or near the location of incident, Defendants, and their agents, servants, and/or employees intentionally handcuffed and imprisoned the Plaintiff, without any just cause, and held her against his will until she was released on March 21, 2018.

26. That Plaintiff was falsely imprisoned and remained imprisoned while held in an ambulance and in Nassau University Medical Center.

27. That said imprisonment was caused by Defendants, their agents,

servant, and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable grounds, or cause to believe that Plaintiff was guilty of any crimes, or was danger to herself or others or that Defendants had just cause to imprison Plaintiff.

28. Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his imprisonment by Defendants, their agents, servants, and/or employees and was forced to submit to the aforesaid imprisonment entirely against her will.

29. That Defendants, their agents, servants, and/or employees, as set forth above, intended to confine Plaintiff; Plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

30. That by reason of the aforesaid false imprisonment and detention of Plaintiff, her freedom was restricted, she was subjected to great indignity, humiliation, pain and great distress of mind and body.

## COUNT II: FALSE ARREST

**AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES**

31. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "30" with the same force and effect as if more fully and at length set forth herein.

32. That beginning on or about the date of incident at or near the location of incident, Defendants, and their agents, servants, and/or employees arrested the Plaintiff.

33. That said arrest was caused by Defendants, their agents, servants, and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable grounds or cause to believe that Plaintiff was guilty of such crimes, or that Defendants had just cause to arrest Plaintiff.

34. Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his arrest by Defendants, their agents, servants, and/or employees and was forced to submit to the aforesaid arrest entirely against his will.

35. That Defendants, their agents, servants, and/or employees, as set forth above, intended to arrest and confine Plaintiff; Plaintiff was conscious of the arrest and confinement; Plaintiff did not consent to the arrest or confinement; and the arrest and subsequent confinement were not otherwise privileged.

36. That by reason of the aforesaid false arrest and detention of Plaintiff, she was imprisoned and subjected to great indignity, humiliation, pain and great distress of mind and body.

## COUNT III: ASSAULT, BATTERY AND EXCESSIVE FORCE

**AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT, BATTERY, AND EXCESSIVE FORCE AS TO DEFENDANTS JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES**

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "36" with the same force and effect as if more fully and at length set forth herein.

38. That on that date of incident and at the location of incident, Plaintiff was assaulted and battered and subjected to excessive force.

39. Defendant THE COUNTY OF NASSAU, through its agents, servants, and/or employees, and JOHN/JANE DOES 1-10 while acting within the scope of their employment, handcuffed, restrained, and otherwise assaulted, battered, and used excessive force against Plaintiff.

40. Defendant THE COUNTY OF NASSAU, through its agents, servants, and/or employees, and JOHN/JANE DOES 1-10 had no reason or just cause to assault and batter Plaintiff. Said conduct was without Plaintiff's consent or permission, and was far in excess of any force necessary to effectuate Plaintiff's arrest and/or control his person.

41. That Defendant THE COUNTY OF NASSAU, its agents, servants and/or employees, and NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES as agents of behalf of THE COUNTY OF NASSAU, within the scope of their employment intentionally, willfully, and/or maliciously assaulted and battered Plaintiff, in that they had the ability to cause imminent harmful or offensive bodily contact and intentionally did an act which threatened to and did cause such contact to Plaintiff. That said acts caused apprehension of such offensive contact to

Plaintiff, when officers in a hostile and/or offensive manner touched Plaintiff without her consent and with the intent to initiate offensive bodily contact with Plaintiff.

42. That THE COUNTY OF NASSAU is liable for the actions of its employees, including the above named agents, servants, and/or employees for conduct committed within the scope of their employment.

43. That by reason of the aforesaid intentional assault and battery, Plaintiff suffered and still continues to suffer from emotional and physical injuries.

## COUNT IV: NEGLIGENCE

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT FOR NEGLIGENCE

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "43" with the same force and effect as if more fully and at length set forth herein.

45. That Defendant THE COUNTY OF NASSAU and NCPD was negligent, careless and reckless in hiring retaining, supervising, promoting, and training its employees, and the officers herein, in that said officers, as employees of THE COUNTY OF NASSAU were not qualified to be hired, retained, or promoted as police officers and lacked the experience, skill, training, and ability to be employed by THE COUNTY OF NASSAU.

46. That Defendant THE COUNTY OF NASSAU and NCPD failed to exercise due care and caution in its hiring, retaining, promoting, and training practices; in that Defendant THE COUNTY OF NASSAU and NCPD failed to

adequately test, analyze test results, and/or investigate Defendant-officers' backgrounds; THE COUNTY OF NASSAU and NCPD failed to adequately screen said officers; failed to adequately monitor the officers; failed to properly discipline officers who violate police officer guidelines, rules, and regulations; failed to properly train and retrain officers; and in that Defendant THE COUNTY OF NASSAU and NCPD, its agents, servants and/or employees were otherwise careless, negligent, and reckless.

47. That the aforesaid occurrence – an assault and battery, false arrest and imprisonment, unconstitutional search and seizure, excessive force, and the resulting injuries to mind and body, were caused wholly and solely by reason of the negligence and/or deliberate indifference of Defendant THE COUNTY OF NASSAU toward its NCPD and THE COUNTY OF NASSAU'S officers, agents, servants, and/or employees under *respondeat superior* without any negligence on the part of Plaintiff contributing thereto.

## COUNT V: MONELL CLAIM

**AS AND FOR A SIXTH CAUSE OF ACTION AS AGAINST THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT FOR VIOLATION OF PERSONAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983**

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "47" with the same force and effect as if more fully and at length set forth herein.

49. 59. That on the date of incident and at the location of incident, the police officers involved were present as part of their regular and official employment

as police officers for Defendant THE COUNTY OF NASSAU and NCPD were acting under the color of law and within the scope of their employment.

50. That Defendant THE COUNTY OF NASSAU and NCPD caused, developed, maintained, and/or created a policy and/or custom and/or practice, or decision of a final policymaker, and/or acted with deliberate indifference to patterns and/or police practices violating constitutional rights of its citizens, which caused the violations of Plaintiff's rights, including: falsely arresting individuals without probable cause; improperly holding and/or detaining such individuals without probable cause or reasonable suspicion; excessive and arbitrary use of force; illegal use of police equipment; failing to follow police guidelines; failing to monitor or discipline police misconduct; failing to gather evidence and investigate when allegations of police misconduct are alleged; condoning silence within the police department regarding misconduct; failing to properly supervise, train, investigate, or discipline officers; engaging in a pattern of supervision where all officers are evaluated based upon the number of arrests made; in promoting officers with higher number of arrests; in instituting a policy, custom, and/or practice of arrest quotas and/or productivity goals; falsely swearing out criminal complaints; and failing to intervene to prevent the above-mentioned practices.

51. That the unlawful and illegal conduct of Defendant THE COUNTY OF NASSAU and NCPD deprived Plaintiff of the following rights, privileges, and immunities secured to her by the Constitution of the United States and of the State of New York:

a) The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b) The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States;

c) The right to be free from cruel and unusual punishment and excessive force;

d) The right to be free from arrest without probable cause;

e) The right to be free from false imprisonment and arrest;

f) The right to be free from abuse of process;

g) The right to due process of law; and

h) The right to have equal protection, privileges, and immunities under the laws.

52. That as Plaintiff was lawfully and properly at the subject location, police officers acting as agents, servants and/or employees of Defendant THE COUNTY OF NASSAU and NCPD seized Plaintiff and arrested her.

53. That said acts constituted an illegal seizure of Plaintiff and deprived her of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York and under 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

54. That said actions violated the Fourth and Fourteenth Amendments to the Constitution of the United States of America, violated Plaintiff's right to be secure in her person, and Defendants used excessive and unlawful force.

55. The existence of aforesaid unconstitutional customs, policies, patterns, and/or practices may be inferred from repeated occurrences of similar wrongful conduct.

56. The following is evidence of unconstitutional custom, policy, pattern, and/or practice of THE COUNTY OF NASSAU and/or the NCPD with respect to failing to develop or implement policies on racial profiling and/or arresting minorities on the basis of race:

    a) In 2013, Newsday conducted an investigation into police misconduct on Long Island and reported the following:

        i) Long Island police "face some of the weakest oversight in the Country."

        ii) For the period examined, more than 100 officers involved in serious misconduct cases remained on the job or continued to work for years before retiring.

        iii) At least 49 Nassau and Suffolk County police officers had been sued more than once and between 2002 and 2013, and those counties paid out over 30 million dollars in misconduct case settlements.

b) Behind the Badge, a database created by the New York Civil Liberties Union, documented that, between January 2012 and May 2015, the NCPD reported 1605 complaints resulting in 2601 allegations of misconduct. This equates to one complaint for every sworn member of the NCPD. The most common allegations were unprofessional conduct and improper tactics and procedure.

c) According to Newsday, in an extensively researched article dated October 19, 2017, titled *Unequal Justice*, individuals of color on Long Island "were arrested at nearly five times the rate for whites, according to an analysis of police and court records from the years 2005-2016." In addition to that telling statistical data, the authors found the following:

   i) That "[m]ost Long Island authorities admit they rarely check for racial patterns in arrests and court outcomes, even though it's recommended by experts. For six years, Nassau County police failed to properly report the number of Hispanic arrests to the state."

   ii) That although government studies show little difference in marijuana usage between whites and people of color, in Long Island the rate of arrests for people of color is nearly four times greater than for whites.

   iii) In Nassau Country non-whites account for 67% of the felony arrests, while making up only 30% of the population.

57. Defendants' actions on the date of incident were performed under the color of the policies, statutes, ordinances, rules, and regulations of THE COUNTY OF NASSAU and NCPD.

58. That Plaintiff did not commit any illegal act, either before or at the time she was falsely arrested and imprisoned, assaulted, battered, and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

59. That by reason of the aforesaid, Plaintiff was injured in mind and body.

60. That by reason of the aforesaid, Plaintiff seeks punitive damages, costs, attorney's fees, and expert fees as provided by 42 U.S.C. § 1988, and such other relief as the court may deem just and proper.

### COUNT VI: VIOLATION OF CONSTITUTIONAL RIGHTS

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AS AGAINST JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES**

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "60" with the same force and effect as if more fully and at length set forth herein.

62. That at all times hereinafter mentioned, Defendants JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, were each employed by Defendant THE COUNTY OF NASSAU and were acting under the

color of their official capacities and their acts were performed under the color of the policies, statutes, ordinances, rules, and regulations of Nassau County and the State of New York.

63. That at all times hereinafter mentioned, JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES were acting pursuant to orders and directives from Defendant THE COUNTY OF NASSAU and NCPD.

64. That during all times hereinafter mentioned, JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of THE COUNTY OF NASSAU and/or the NCPD and that Defendant officers were acting under the color and pretense of law and engaged in the illegal conduct set forth in this complaint to the injury of Plaintiff and deprived her of the rights, privileges, and immunities secured to her by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, the Constitution of the State of New York, the laws of the State of New York, and 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

65. That the unlawful and illegal conduct of JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

deprived Plaintiff of the following rights, privileges, and immunities secured to her by the Constitution of the United States and of the State of New York:

a) The right of Plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b) The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States;

c) The right to be free from cruel and unusual punishment and excessive force;

d) The right to be free from arrest without probable cause;

e) The right to be free from false imprisonment and arrest;

f) The right to be free from abuse of process;

g) The right to due process of law; and

h) The right to have equal protection, privileges, and immunities under the laws.

66. That by reason of the aforesaid violations, use of force, seizure of Plaintiff's person, her false arrest and false imprisonment, assault and battery, falsifying evidence, Defendant officers involved in the arrest and prosecution of Plaintiff, violated Plaintiff's rights and privileges as provided to her in the Constitution of the United States of America and the Constitution of the State of New York, and laws thereto. Defendant officers violated 42 U.S.C. § 1983.

67. That as a proximate result of Defendants' actions, Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body.

68. Plaintiff seeks compensatory damages, plus punitive damages, costs, attorney's fees, expert fees, as set forth and provided by 42 § U.S.C. 1988, and such other relief as the court may deem just and proper.

### COUNT VII: FAILURE TO INTERVENE

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AS AGAINST JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES FOR FAILURE TO INTERVENE**

69. That Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "68" with the same force and effect as if more fully and at length set forth herein.

70. Members of the NCPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe or have knowledge that another member or other law enforcement agency violated a civilian's constitutional right(s).

71. JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES witnessed and/or had knowledge of JOHN/JANE DOES 1-10, NASSAU COUNTY POLICE OFFICERS, SUPERVISORS AND/OR COMMANDERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES's

unlawful and/or unconstitutional arrest of Plaintiff. Both the arrest of and initiation of criminal prosecution against Plaintiff were without probable cause or other legal justification and were based on facts known to the officers to be false. However, Defendant officers failed to take any action or make any effort to intervene, halt, or protect Plaintiff from being unlawfully, unconstitutionally, and/or wrongfully arrested and prosecuted.

72. That by reason of the aforesaid, Plaintiff was injured in mind and body.

73. That by reason of the aforesaid, Plaintiff seeks punitive damages, costs, attorney's fees, and expert fees as provided by 42 U.S.C. § 1988, and such other relief as the court may deem just and proper.

**WHEREFORE**, Plaintiff respectfully requested that this Honorable Court enter judgment against the Defendants, jointly and severally, and in favor of Plaintiff, for compensatory and punitive damages in an amount no less than $1,000,000 , plus costs, expenses, attorney's fees, and such other and further relief as may be lawful and appropriate.

Dated: New York, New York
      June 18, 2019

                                                SULLIVAN & BRILL, LLP
                                                Attorneys for Plaintiff

                                                _____
                                                By: Joseph F. Sullivan, Esq.

Trinity Centre
115 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 566-1000
Fax: (212) 566-1068
Email for service of papers:
emailservice@sullivanbrill.com

s/ Joseph F. Sullivan, Esq.
Sullivan & Brill, LLP
Attorney for Plaintiff
115 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 566-1000
Fax: 212-566-1068
Email: joseph.sullivan@sullivanbrill.com

s/ James Healy, Esq.
Sullivan & Brill, LLP
Attorney for Plaintiff
115 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 566-1000
Fax: 212-566-1068
Email: james.healy@sullivanbrill.com