UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CONSTANCE PRIESTER,

                                PROPOSED
                                **JOINT PRETRIAL ORDER**

            Plaintiff,                  Index No.:2:19-cv-03581
- against -                           (Hurley, J.)
                                              (Shields, M.J.)

THE COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER RICHARD
FOSBECK, SERIAL 8454, SHIELD 866, POLICE
OFFICER JOHN CARILLO, SERIAL 7520, SHIELD 306,
POLICE OFFICER KYLE HAUK, SERIAL 1087,
SHIELD 3157, POLICE OFFICER ASHLEY CORWIN.
SERIAL 9829, SHIELD 2333, POLICE OFFICER
NICOLE MAURO, SERIAL 9592, SHIELD 4056, AMT
JOSEPH DASARO, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Pursuant to the Hon. Denis R. Hurley individual rules, the parties, through their undersigned counsel, submit this Joint Pretrial Order:

    I. The full caption of the case is as set forth above.

    II. The names and addresses of the trial counsel are as follows:

James Lee Healy  (Trial Counsel)
SULLIVAN BRILL
Attorneys for plaintiff
115 Broadway, 17th Floor
New York, NY 10006
212-566-1065

Andrew R. Scott (Trial Counsel)
THOMAS A. ADAMS, Acting County Attorney
Office of the Nassau County Attorney

Attorney for Defendant
1 West Street, Mineola, N.Y. 11501
(516) 571-3013

### III. Basis For Subject Matter Jurisdiction

Plaintiff's statement: This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff's federal claims were brought pursuant to 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction to New York State claims pursuant to 1367(a).

### IV. Procedural History

Notice of claim was filed on June 18, 2018. Summons and Complaint was filed June 18, 2019. An Answer was filed on July 23, 2019. An Amended Complaint was filed on October 28, 2019. An Answer to the Amended Complaint was filed on November 22, 2019.

### V. Listing of Parties' Clams and Defenses

#### Plaintiff's Claims

1. False imprisonment. Plaintiff claims that the individual named Defendants handcuffed and imprisoned Plaintiff without probable cause or privilege.

2. Assault and Battery. Plaintiff claims that the individual named Defendants while acting in the course of their employment engaged in unwanted and unwarranted offensive bodily contact.

3. Monel Claim. Plaintiff claims that the County of Nassau engaged in policy of deliberate indifference in failing to properly train and supervise its

employees in policies on racial profiling and/or detaining minorities on the basis of race.

4. § 1983 claims: False Imprisonment and Failure to Intervene. Plaintiff claims that the individual named officers, acting under the color of state and municipal law, engaged in unlawful conduct depriving Plaintiff of her rights under the Fourth, Sixth, Eight and Fourteenth Amendments.

**Defendant's Defenses**

1. Qualified Immunity – The Defendant Police Officers were summoned to the premises for a dispute. Upon arrival, they found Plaintiff acting irrationally. She was detained and taken to the hospital by ambulance. It was objectively reasonable for them to believe that their actions were lawful at the time of the challenged act.

2. Privilege – Under New York State Law, by virtue of the privilege in Mental Hygiene Law §9.41. Plaintiff was immediately taken from the scene to the hospital for observation and treatment.

3. *Monell* : The County has no liability for the incident alleged in the Complaint in that there was no policy or custom permitting the alleged unconstitutional acts.

VI. **Statement Whether Jury Trial Is Sought**

Plaintiff is seeking a jury trial.

VII. **Whether parties consent to a trial before the Presiding Magistrate Judge.** Parties do not consent to a trial by Magistrate.

VIII. **Stipulations of Law and Facts**

None

IX. **List of Fact and Expert Witnesses**

A. **Plaintiff's Witnesses**

    a. **Fact Witnesses:**

      i. Plaintiff Constance Priester.

      ii. Defendant NCPD Officer Richard Fosbeck.

      iii. Defendant NCPD Officer Richard Fosbeck.

      iv. Defendant NCPD Officer John Carillo.

      v. Defendant NCPD Officer Kyle Hauk.

      vi. Defendant NCPD Officer Ashley Corwin.

      vii. Defendant NCPD Officer Nicole Mauro.

      viii. Defendant AMT Joseph Dasaro.

      ix. Tanya Priester Douglas, Plaintiff's daughter.

      x. Ernest Priester, Plaintiff's son.

      xi. Dr. Paul J. Carpenter, PhD, Plaintiff's current treating therapist*

    b. **Expert Witnesses:** N/A.

B. **Defendants' Witnesses:**

    a. **Fact Witnesses:**

Defendants have no additional witnesses, other than those identified by the Plaintiff who are expected to testify at the trial of this action.

Defendants object to the testimony of Dr. Carpenter and to the introduction of his records in that they have not been previously exchanged and Dr. Carpenter was not identified in either the Rule 26 disclosures or in plaintiff's deposition testimony.

    b.    **Expert Witnesses:**

The Defendants have neither identified nor retained any expert.

X.    **Deposition Testimony To Be Offered In Case In Chief**

A.    **Plaintiff**

Plaintiff reserves the right to use any deposition testimony for impeachment purposes, pursuant to Fed. R. Civ. P. 32(a)(2). Plaintiff also reserves the right to designate portions of any witness's deposition transcript should a listed witness be unavailable for trial at the time the parties learn that the witness is unavailable.

B.    **Defendant**.

Defendants reserve the right to use any deposition testimony for impeachment purposes, pursuant to Fed. R. Civ. P. 32(a)(2). Defendant also reserves the right to designate portions of any witness's deposition transcript should a listed witness be unavailable for trial at the time the parties learn that the witness is unavailable.

XI.    **List of exhibits**

**Plaintiff**

1) Nassau University Medical Center medical records

2) Medical records from Paul J. Carpenter *

3) Medical records/report from Stephen Andreopoulos

4) Recording of 911 call and dispatch provided by Defendants

5) Training documents relating to training provided to NCPD Officer and AMT, provided by Defendants.

6) Departmental procedures from NCPD, provided by Defendants.

7) Dispatch event information, provided by Defendants.

8) Background Event Chronology, provided by Defendants.

9) Case Summary Report, provided by Defendants.

10) Nassau County Police Department Pre—Hospital Care Report, provided by Defendants.

11) Affidavit of no lesson plan, bullet points or slides for course entitled "Police and Minority Groups," (**NB not yet provided by Defendants**).

**Defendants**:

1) The Defendants intend to introduce portions of the memo books maintained by each in the ordinary course of business for each of the named officers/Defendants.

XII, **Estimate as to number of days to try the case**

The parties estimate that the trial of this matter will take five days.

Dated: New York, New York
       April 14, 2022

                                      SULLIVAN BRILL
                                      Attorneys for Plaintiff
                                      110 East 59 St. Floor 23
                                      New York, NY 10022

                                        _s/_____
                                      James Lee Healy

THOMAS A. ADAMS  
Nassau County Attorney  
Attorney for Defendants  
1 West Street  
Mineola, New York 11501  
By: _____  
Andrew R. Scott  
Deputy County Attorney  
(516) 571-3013